UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA THOMPSON | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-004415 |
| | § | |
| HOMELAND INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
| PRECISE ADJUSTMENTS, INC, | § | |
| PAMELA J. BALL AND | § | |
| LAWRENCE H. ALBERTELLI, | § | |
|     Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, Homeland Insurance Company of New York, Precise Adjustments, Inc., Pamela J. Ball and Lawrence H. Albertelli, hereby file this, their Original Answer, and in support of same, would show the following:

FIRST AFFIRMATIVE DEFENSE

The insurance contract contains the following provision:

> **7.** **Appraisal**. If you and we fail to agree on the actual cash value, amount of loss or the cost of repair or re-placement, either may make written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will chose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will the set the amount of loss, stating separately the actual cash value and loss to each item. If you or we request that they do so, the appraiser will also set:
>
> > **a.** the full replacement cost of the dwelling.

      **b.**    the full replacement cost of any other building upon which loss is claimed.

      **c.**    the full cost of repair or replacement of loss to such building, without deduction for depreciation.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

Each party will **p**ay its own appraiser and bear the other expenses of the appraisal and umpire equally.

Defendants would plead this provision as a defense to all of Plaintiff's claims, to the extent applicable.

SECOND AFFIRMATIVE DEFENSE

The insurance contract also sets forth certain duties which the insured must comply with in the event of a loss. These duties are as follows:

"3.    **Duties After Loss**

    **a.**    **Your Duties After Loss.** In case of a loss to covered property caused by a peril insured against, you must:

      (1)    give prompt written notice to us of the facts relating to the claim.
      (2)    notify the policy in case of loss by theft.
      (3)    (a)    protect the property from further damage.
            (b)    make reasonable and necessary repairs to protect the property.
            ( c)    keep an accurate record of repair expenses.
      (4)    furnish a complete inventory of damaged personal property showing the quantity, description and amount of loss. Attach all bills, receipts and related documents which you have that justify the figures in the

       inventory.
(5) as often as we reasonably require.
  (a) provide us access to the damaged property.
  (b) provide us with pertinent records and documents we request and permit us to make copies.
  (c) submit to examination under oath and sign and swear to it.

(6) send to us, if we request, your signed sworn proof of loss within 91 days of our request on a standard form supplied by us.  We must request a signed sworn proof of loss within 15 days after we receive your written notice, or we waive our right to require a proof of loss.  Such waiver will not waive our other rights under this policy.
  (a) This proof of loss shall state, to the best of your knowledge and belief:
    (i) the time and cause of loss.
    (ii) the interest of the "insured" and all others in the property involved including all liens on the property.
    (iii) other insurance which may cover the loss.
    (iv) the actual cash value of each item of property and the amount of loss to each item.

In addition, the insurance contract provides in pertinent part:

**11.** **Suit Against Us.** No suit or action can be brought unless the policy provisions have been complied with.  Action brought against us must be started within two years and one day after the cause of action accrues.

Defendants would plead any violations of the provisions quoted above in Defendants' First and Second Affirmative Defenses as defenses to Plaintiff's claims, to the extent applicable.

## THIRD AFFIRMATIVE DEFENSE

Although the insurance contract involved in this lawsuit contains replacement cost coverage, the insurance contract specifically provides:

> We will pay only the actual cash value of the damaged building structure(s) until repair or replacement is completed. Repair or replacement must be completed within 365 days after loss unless you request in writing that this time limit be extended for an additional 180 days. Upon completion of repairs or replacement, we will pay the additional amount claimed under replacement cost coverage, but our payment will not exceed the smallest of the following:
>
> (1) the limit of liability under this policy applicable to the damaged or destroyed building structure(s);
> (2) the cost to repair or replace that part of the building structure(s) damaged, with material of like kind and quality and for the same use and occupancy on the same premises; or
> (3) the amount actually and necessarily spent to repair or replace the damaged building structure(s).

Defendants would plead these provisions as a defense, to the extent applicable.

## FOURTH AFFIRMATIVE DEFENSE

The insurance contract involved in this lawsuit contains a deductible for wind damage of $2,220. Defendants would plead this as a defense, to the extent applicable.

## FIFTH AFFIRMATIVE DEFENSE

Defendants would plead as a defense, to the extent applicable, the provisions in Chapter 542 of the Texas Insurance Code that allow for deadlines under that statute to be extended in the event of a storm declared a catastrophe by the Commissioner of Insurance, as Hurricane Ike was so declared.

SIXTH AFFIRMATIVE DEFENSE

Defendants would show that Homeland Insurance Company of New York, who issued the insurance contract involved in this lawsuit, has made payments totaling $6,841.04 for damage to Plaintiff''s property involved in this lawsuit from Hurricane Ike.  Defendants would plead these payments as a defense, to the extent applicable.

SEVENTH AFFIRMATIVE DEFENSE

Defendants would show that because of the issues raised by the policy provisions and other matters pled above, and the legitimate disagreement which exists over the amount of the losses claimed by Plaintiff and whether coverage exists for same, any liability to Plaintiff has not become reasonably clear.  Under Texas law, this would preclude any claim for extra-contractual damages such as are being asserted by Plaintiff in this action.  Defendants would plead the bona-fide controversy that exists in this matter and the reasonableness of the actions taken regarding the claim as a defense, to the extent applicable.

EIGHTH AFFIRMATIVE DEFENSE

Defendants would plead the dollar limitation of damages provided under the Texas Business & Commerce Code, including Section 17.50 of the Texas Business & Commerce Code, and the dollar limitation on damages under Chapter 541.152 of the Texas Insurance Code, as defenses, to the extent applicable.

NINTH AFFIRMATIVE DEFENSE

Defendants would plead the provisions of Chapter 41 of the Civil Practice & Remedies Code as a defense to the extent applicable, including but not limited to, Section 41.003 requiring Plaintiff establish proof by clear and convincing evidence that Defendants committed fraud, gross negligence,

or acted with malice, and Section 41.008 setting forth the dollar limitation on the amount of exemplary damages that a plaintiff can recover.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Defendants would plead as a defense, to the extent applicable, that their conduct has not been the producing or proximate cause of any damages being claimed by Plaintiff in this lawsuit.

NOW, answering the allegations of Plaintiff's Original Petition paragraph by paragraph, Defendants would respond as follows:

1.

The allegations of Paragraph 1 of Plaintiff's Petition do not require a response.

2.

The allegations of Paragraph 2 of Plaintiff's Petition are admitted.

3.

In response to Paragraph 3 of Plaintiff's Petition, Defendants admit that Defendant Homeland Insurance Company of New York is a foreign insurance company who is not a citizen of the State of Texas for diversity jurisdiction purposes, and that it has been properly served in this lawsuit. All other allegations of Paragraph 3 of Plaintiff's Petition are denied.

4.

In response to Paragraphs 4 - 6 of Plaintiff's Petition, Defendants admit that all Defendants in this lawsuit have been properly served. All other allegations of Paragraphs 4 - 6 of Plaintiff's Petition are denied.

5.

In response to Paragraphs 7, 8, 9, 10 and 11 of Plaintiff's Petition, Defendants admit that

subject matter jurisdiction in this Court is proper. All other allegations of Paragraphs 7, 8, 9, 10 and 11 of Plaintiff's Petition are denied, to the extent they require any further response.

6.

In response to Paragraph 12 of Plaintiff's Petition, Defendants admit that venue in this matter is proper. All other allegations of Paragraph 12 of Plaintiff's Petition, to the extent any further response is required, are denied.

7.

In response to Paragraph 13 of Plaintiff's Petition, Defendants admit that Homeland Insurance Company of New York issued an insurance policy to Plaintiff. All other allegations of Paragraph 13 of Plaintiff's Petition, to the extent any further response is required, are denied.

8.

The allegations of Paragraph 14 of Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

9.

In response to Paragraph 15 of Plaintiff's Petition, Defendants admit that Homeland Insurance Company of New York issued an insurance policy to Plaintiff. All other allegations of Paragraph 15 of Plaintiff's Petition, to the extent any further response is required, are denied.

10.

In response to Paragraph 16 of Plaintiff's Petition, Defendants admit that on September 13, 2008, Hurricane Ike struck parts of Harris County, Texas. All other allegations of Paragraph 16 of Plaintiff's Petition are denied.

11.

In response to Paragraph 17 of Plaintiff's Petition, Defendants admit that Plaintiff submitted a claim to Homeland for damage to her property which Plaintiff claimed was caused by Hurricane Ike.  All other allegations of Paragraph 17 of Plaintiff's Petition, tom the extent any further response is required, are denied.

12.

In response to Paragraph 18 of Plaintiff's Petition, Defendants admit that Plaintiff submitted a claim to Homeland for damage to her property which Plaintiff claimed was caused by Hurricane Ike.  All other allegations of Paragraph 18 of Plaintiff's Petition, tom the extent any further response is required, are denied.

13.

The allegations of Paragraph 19 of Plaintiff's Petition are denied.

14.

The allegations of Paragraph 20 of Plaintiff's Petition are denied.

15.

The allegations of Paragraph 21 of Plaintiff's Petition are denied.

16.

The allegations of Paragraph 22 of Plaintiff's Petition are denied.

17.

The allegations of Paragraph 23 of Plaintiff's Petition are denied.

18.

The allegations of Paragraph 24 of Plaintiff's Petition are denied.

19.

The allegations of Paragraph 25 of Plaintiff's Petition are denied.

20.

The allegations of Paragraph 26 of Plaintiff's Petition are denied.

21.

The allegations of Paragraph 27 of Plaintiff's Petition are denied.

22.

The allegations of Paragraph 28 of Plaintiff's Petition are denied.

23.

The allegations of Paragraph 29 of Plaintiff's Petition are denied.

24.

The allegations of Paragraph 30 of Plaintiff's Petition are denied.

25.

The allegations of Paragraph 31 of Plaintiff's Petition are denied.

26.

The allegations of Paragraph 32 of Plaintiff's Petition are denied.

27.

The allegations of Paragraph 33 of Plaintiff's Petition are denied.

28.

The allegations of Paragraph 33 of Plaintiff's Petition are denied.

29.

The allegations of Paragraph 34 of Plaintiff's Petition are denied.

30.

The allegations of Paragraph 35 of Plaintiff's Petition are denied.

31.

The allegations of Paragraph 36 of Plaintiff's Petition are denied.

32.

The allegations of Paragraph 37 of Plaintiff's Petition are denied.

33.

The allegations of Paragraph 38 of Plaintiff's Petition are denied.

34.

The allegations of Paragraph 39 of Plaintiff's Petition are denied.

35.

The allegations of Paragraph 40 of Plaintiff's Petition are denied.

36.

The allegations of Paragraph 41 of Plaintiff's Petition are denied.

37.

The allegations of Paragraph 42 of Plaintiff's Petition are denied.

38.

The allegations of Paragraph 43 of Plaintiff's Petition are denied.

39.

The allegations of Paragraph 44 of Plaintiff's Petition are denied.

40.

The allegations of Paragraph 45 of Plaintiff's Petition are denied.

41.

The allegations of Paragraph 46 of Plaintiff's Petition are denied.

42.

The allegations of Paragraph 47 of Plaintiff's Petition are denied.

43.

The allegations of Paragraph 48 of Plaintiff's Petition are denied.

44.

The allegations of Paragraph 49 of Plaintiff's Petition are denied.

45.

The allegations of Paragraph 50 of Plaintiff's Petition are denied.

46.

The allegations of Paragraph 51 of Plaintiff's Petition are denied.

47.

The allegations of Paragraph 52 of Plaintiff's Petition are denied.

48.

The allegations of Paragraph 53 of Plaintiff's Petition are denied.

49.

The allegations of Paragraph 54 of Plaintiff's Petition are denied.

50.

The allegations of Paragraph 55 of Plaintiff's Petition are denied.

51.

The allegations of Paragraph 56 of Plaintiff's Petition are denied.

52.

The allegations of Paragraph 57 of Plaintiff's Petition are denied.

53.

The allegations of Paragraph 58 of Plaintiff's Petition are denied.

54.

The allegations of Paragraph 59 of Plaintiff's Petition are denied.

55.

The allegations of Paragraph 60 of Plaintiff's Petition are denied.

56.

The allegations of Paragraph 61 of Plaintiff's Petition are denied.

57.

The allegations of Paragraph 62 of Plaintiff's Petition are denied.

58.

The allegations of Paragraph 63 of Plaintiff's Petition are denied.

59.

The allegations of Paragraph 64 of Plaintiff's Petition are denied.

60.

The allegations of Paragraph 65 of Plaintiff's Petition are denied.

61.

The allegations of Paragraph 66 of Plaintiff's Petition are denied.

62.

The allegations of Paragraph 67 of Plaintiff's Petition are denied.

63.

The allegations of Paragraph 68 of Plaintiff's Petition are denied.

64.

The allegations of Paragraph 69 of Plaintiff's Petition are denied.

65.

The allegations of Paragraph 70 of Plaintiff's Petition are denied.

66.

The allegations of Paragraph 71 of Plaintiff's Petition are denied.

67.

The allegations of Paragraph 72 of Plaintiff's Petition are denied.

68.

The allegations of Paragraph 73 of Plaintiff's Petition are denied.

69.

The allegations of Paragraph 74 of Plaintiff's Petition are denied.

70.

The allegations of Paragraph 75 of Plaintiff's Petition are denied.

71.

In response to Paragraph 76 of Plaintiff's Petition, Defendants admit that Plaintiff has made a demand for jury trial. All other allegations of Paragraph 76 of Plaintiff's Petition, to the extent a response is required, are denied.

72.

In response to Paragraph 77 of Plaintiff's Petition, Defendants show they will serve their Initial Disclosures pursuant to the Federal Rules of Civil Procedure. All other allegations of

Paragraph 77 of Plaintiff's Petition, to the extent a response is required, are denied.

73.

Defendants hereby request a jury trial.

WHEREFORE, Defendants, Homeland Insurance Company of New York, Precise Adjustments, Inc., Pamela J. Ball and Lawrence H. Albertelli, pray that upon a final trial by jury of all issues, that Plaintiff's claims be denied in their entirety, that Plaintiff's lawsuit be dismissed with prejudice, with Defendants recovering all costs of court incurred by them in this matter, and for any and all other relief to which Defendants may be entitled, at law or at equity.

Respectfully submitted,

S/Russell J. Bowman
Russell J. Bowman, Attorney in Charge
Texas State Bar No. 02751550
3131 McKinney Avenue, Suite 220
Dallas, Texas 75204
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

This is to certify that on November 17, 2010, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Molly K. Bowen.

S/Russell J. Bowman
Russell J. Bowman